## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KENNETH A. HINTON,                    )
2200 Wilson Blvd. Suite 102-004       )
Arlington, VA 22201                   )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      Civil Action No. 09-_____
                                      )
UNITY HEALTH CARE, INC.,              )
1220 12th Street SE                   )
Suite 120                             )
Washington, DC 20003,                 )
                                      )
            Defendant.                )
                                      )

### NOTICE OF REMOVAL OF A CIVIL ACTION

The United States Attorney General, through the undersigned attorneys, hereby files this

Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1446, 2679(d)(2), and 42 U.S.C. § 233(c).  In

support of that notice, the Attorney General states as follows:

1. Unity Health Care, Inc. is the defendant in the civil action styled Kenneth A. Hinton v.

Unity Health Care, Inc., now pending in the Superior Court of the District of Columbia, Civil

Action No. 0000151-09.

2. The above-entitled action was filed on or around January 12, 2009, and a copy of the

complaint is attached hereto as Exhibit A.  The action has not yet proceeded to trial.

3. At the time of the incidents alleged in the complaint, defendant was a grantee of the

Department of Health and Human Services and was deemed an "employee" of the Public Health

Service eligible for Federal Tort Claims Act malpractice coverage, pursuant to 42 U.S.C. § 233(g). See Ex. B.

4. Plaintiff's Complaint alleges that, between November 2006 and August 2007, defendant failed to provide eyeglasses to him while he was an inmate at the Central Detention Facility (CDF/DC Jail) located at 1901 D Street, S.E., Washington, D.C. 20003. Complaint ¶ 1.

4. On the basis of the Complaint and other available information, Rudolph Contreras, Chief of the Civil Division, United States Attorney's Office for the District of Columbia, acting pursuant to delegated authority, has certified pursuant to 28 U.S.C. § 2679(d)(2) that Unity Health Care, Inc. was an "employee" acting within the scope of its respective office or employment at the time of the alleged incident. See Ex. C; 28 C.F.R. § 15.4. This certification means that, pursuant to 28 U.S.C. § 2679(d)(1) and 42 U.S.C. § 233(a), the United States shall now, as a matter of law and without order of the Court, be substituted for Unity Health Care, Inc. as the sole defendant in this action. In addition, the certification means that this action "shall be removed" to District Court, pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233(c).

5. Plaintiff's claims are ones for which the District Court has original jurisdiction, because the suit is against an "employee" of the United States government, for actions allegedly taken while acting within the scope of its office or employment, and therefore removal is also authorized by 28 U.S.C. § 1441(a).

WHEREFORE, this action now pending in the Superior Court of the District of Columbia is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 2679(d)(2), and 42 U.S.C. § 233(c).

June 5, 2009                                       Respectfully submitted,


CHANNING D. PHILLIPS, D.C. Bar # 415793
Acting United States Attorney


RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


JENNIFER ZACHARY
Special Assistant United States Attorney
United States Attorney for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-307-0821
jennifer.zachary@usdoj.gov

3

# Exhibit A

## SCR CIV FORM 1-A
### Notice and Acknowledgment for Service by Mail
### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
#### Civil Division

KENNETH A. Hinton
_Plaintiff_

v.

Civil Action Number    0000151-09

Unity HEAlth CARE, Inc
_Defendant_

## NOTICE

To:    Name    C/o Vincent A. KEENE, President/CEO
Unity HEAlth CARE Inc

Address    1220 12th Street SE. Suite 120

Washington, D.C. 20003

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4)(i) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date) 1/12/09

_____                    _____
_Signature_                                 _Date of Signature_

### Acknowledgment of Receipt of Summons, Complaint and Initial Order

I received a copy of the summons, complaint and initial order in the above captioned matter at

(address) _____

_____          _____       _____
_Signature_                       _Relationship to Defendant/Authority_      _Date of Signature_
                                  _To Receive Service of Process_

CV(6)-1590/Feb. 02



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

KENNETH A HINTON
  Vs.                           C.A. No.      2009 CA 000151 M
UNITY HEALTH CARE, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will **receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge  Lee F. Satterfield

Case Assigned to:  Judge JEANETTE J CLARK
Date:  January 12, 2009
Initial Conference: 9:30 am, Friday, April 24, 2009
Location:  Courtroom 219
          500 Indiana Avenue N.W.
          WASHINGTON, DC  20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**CA Form 1**

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

Kenneth A. Hinton
2200 Wilson Blvd Ste 102-004
Arlington, VA 22201

0000151-09

*Plaintiff*

vs.                                             Civil Action No. _____

Unity Health Care Inc.
1220 12th Street SE
Suite 120                 *Defendant*
Washington, D.C. 20003
SERVE: Vincent A. Keene, President/CEO

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Clerk of the Court_

Kenneth A. Hinton
Name of Plaintiff's Attorney

2200 Wilson Blvd Ste 102-004          By _____
Address                                        Deputy Clerk
Arlington, VA 22201

571-228-4424                          Date _____
Telephone

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170.

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

RECEIVED
Civil Clerk's Office

JAN 1 2 2009

Superior Court of the
District of Columbia
Washington, D.C.

Kenneth A. Hinton
2200 Wilson Blvd Suite 102-004
Arlington, VA 22201

*Plaintiff*

0000151-09

vs.

CIVIL ACTION No. _____

Unity Health Care, Inc
1220 12th Street SE.
Suite 120
Washington, D.C. 20003

*Defendants*

SERVE: Vincent A. Keene
President/CEO

## COMPLAINT

1. Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

Pursuant to the Attached Statement of Claim* Unity Healthcare,
Inc. is the entity responsible for providing medical to inmates
held at the CCA/Correctional Treatment Facility. Defendant
breached it's duty of care, engaged in capricious negligence,
bad faith, medical malpractice and tortious comparable harm
and injury to Plaintiff as a proximate result of its malfeasance in
Not providing Plaintiff his prescribed eyeglasses from 6/06 to 8/07.

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 2,000,000.00
with interest and costs.

_____5 7 1 - 7 2 8 - 4 1 2 4____
Phone:

DISTRICT OF COLUMBIA, ss

____KENNETH A. HINTON____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

_____
(Plaintiff                                Agent)

Subscribed and sworn to before me this ___4TH___ day of ___JANUARY___ 20 09.

VERONICA GALLEGOS
NOTARY PUBLIC
MONTGOMERY COUNTY
MARYLAND
MY COMMISSION EXPIRES SEPT. 14, 2010

_Veronica Gallegos_
(Notary Public/Deputy Clerk)

FORM CV-1019 Nov. 03

* SEE Attached Exhibit A

## STATEMENT OF CLAIM
## PURSUANT TO 28 U.S.C. 1746, et seq.

On or about May 14, 2007 while an inmate housed and under the care of ("CCA/CTF") medical officials I submitted a inmate grievance regarding the fact that I had not received the prescribed eyeglasses for which (Dr. Barry) the CCA/CTF contract opthalmologist recommened and issued an medical order for me to receive pursuent to my eye exam with him on or about November 15, 2006.  As a proximate result of having to wait six months for the delivery of such prescribed eyeglasses that was never delivered to me I have suffered ongoing blurred and diminshed vision, anxiety, insomnia, post-traumatic stress, and emotional/mental anguish and distress.

On or about May 21, 2007 I again submitted Medical Grievance No. 07-299 complaining again to the ("CCA/CTF") medical staff that I had not received the delivery of my prescribed eyeglasses pursuent to Dr. Barry's November 15, 2006 examination of me and medical order. As a proximate result of this ongoing delay of such delivery of my prescribed eyeglasses I continued to suffer with unreasonable pain and impaiment of my vision for which continued to diminish thus causing me more emotional and mental anguish, anxiety, insomnia, PTSS, and other medical discomforts associated with the ("CCA/CTF") medical staff deliberate indifference, negligence and breach of care and duty to deliver my prescribed eyeglasses to me.

On or about June 25, 2007 I again submitted Medical Grievance No. 07-332 complaining for a third time that I had not received the prescribed eyeglasses that I needed pursuant to the opthalmologist's November 15, 2006 medical order, thus causing me to endure further unreasonable pain and suffering resulting in my vision being impaired and diminished.

On or about July 12, 2007 I again submitted Medical Grievance No. 07-348 complaining again to the ("CCA/CTF") medical staff that I had not received the prescribed eyeglasses pursuant to the opthalmolgist's November 15, 2006 medical examination of me for such eyewear, nor had I received any follow-up regarding the "re-examination" of me by another ("CCA/CTF") contract opthalmologist who informed me that I would receive my prescribed eyeglasses within four weeks. As a result of the new opthalmologist (Dr. Boschulte) examination of me I received no follow-up exam regarding my ongoing pain in my eyes, nor did I receive the delivery of my prescribed eyeglasses pursuant to Dr. Barry's iniatial medical order for me to have such prescribed eyeglasses.

On or about August 2, 2007 I again submitted Medical Grievance No. 07-350 complaining again to the ("CCA/CTF") medical staff "for a fifth time", regarding the fact that after waiting over eight months I had not received the recommended prescribed eyeglasses pursuant to my first eye exam for such eyewear with Dr. Barry on November 15, 2006, nor pursuant to the "re-examination" of me by Dr. Boschulte on or about July 9, 2007.

On or about August 16, 2007 I received delivery of a pair of eyeglasses that was not in compliance to the prescription for which I was examined for by Dr. Barry or Dr. Boschulte.  The eyeglasses were not feasible for me to see through nor did they allow me to have adequate vision.

Exhibit A

As a proximate result of not having the prescribed eyeglasses
dilivered to me pursuant to my numerous inmate grievances and the
recommended medical orders of Dr. Barry and Dr. Boschultz, contract
opthalmologist's for ("CCA/CTF"), I continue to suffer with ongoing
mental anguish, emotional distress, diminished vision and anxiety.

Wherefore, due to the ("CCA/CTF") medical staff deliberate
indifference, negligence, breach of care and duty and bad faith in
not being diligent and reasonable in providing me such medical care
as ordered, I seek redress and recompense for all averments within
the stated causes of actions as mentioned herein.

As the facts are presented herein pursuant to the Inmate Grievance
Procedures Policy No. 14-5, of the ("CCA")/("CTF") Policy/Procedures
the plaintiff has/had adequately and properly presented his grievance
for administrative remedy to no avail of any proper and timely resolve.

### RELIEF REQUESTED

Wherefore, the plaintiff hereby request that he be afforded a
jury trial of twelve jurors regarding his averred claims herein.

1) The plaintiff hereby seeks redress and recompense for
   compensatory damages in the amount of $3,000,000.00 on all
   averments of his verified complaint herein;

2) The plaintiff hereby seeks redress and recompense for
   punitive damages in the amount of $5,000,000.00 on all
   averments of the verified complaint herein;

3) The plaintiff hereby request that he receive the payment
   of any attorney fees/costs that he may encounter to resolve
   this claim and that he be awarded payment for any related
   medical costs associated with his therapuetic treatment for
   his ongoing Post-Traumatic Disorders, Emotional and Mental
   Distress attributed by the defendant's/gross malfeasance,
   accordingly.

Signed this 10th day of April, 2008.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing statement of
Claim is true and correct to the best of my recollection.

4/10/08
_____
(Date)

_____
(Signature of Plaintiff)

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Kenneth A. Hinton,                          )
                                            )
           Plaintiff,                       )
                                            )
           v.                               )        Case No.
                                            )
Unity Health Care, Inc.,                    )
                                            )
           Defendant.                       )
_____ )

DECLARATION OF
JAMES ANAGNOS

1. I am an Attorney Advisor in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. As a consequence, if a tort claim had been filed with the Department with respect to Unity Health Care, Inc. (formerly known as Health Care for the Homeless Project, Inc.), Central Detention Facility (CDF/DC Jail) located at 1901 D Street, Southeast, Washington, District of Columbia, 20003, an approved delivery site, or its employees or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4. I caused a search of the Claims Branch's database to be conducted and found that an administrative tort claim had been filed on February 2, 2009, by Kenneth A. Hinton, relating, to

-2-

Unity Health Care, Inc. To date no final disposition has been made. Therefore, the plaintiff has not exhausted his administrative remedies. 28 U.S.C. § 2675 (a).

5. I have also reviewed official agency records and determined that Unity Health Care, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective October 1, 1996, and that its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of the notifications by an Assistant Surgeon General, Department of Health and Human Services, to Unity Health Care, Inc., are attached to this declaration as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this _13th_ day of _April_, 2009.

_James Aug_

JAMES ANAGNOS
Attorney Advisor, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services

 DEPARTMENT OF HEALTH & HUMAN SERVICES

Health Resources and Services
Administration

Bureau of Primary Health Care
Rockville MD 20857

Mr. Vincent A. Keane                      DEC 1 8 2006
Executive Director
Unity Health Care, Inc.
UDS # 037020
3020 14th Street, N.W.
Washington, DC 20009-6865

Reference:    Malpractice Liability Coverage – Renewal Health Center Deeming Letter
              Coverage Effective January 1, 2007 through December 31, 2007

Dear Mr. Keane:

The Health Resources and Services Administration (HRSA) in accordance with Section
224(g) of the Public Health Service (PHS) Act, 42 U.S.C. §233(g), as amended by the Federally
Supported Health Centers Assistance Act of 1995 (FSHCAA), (P.L. 104-73), deems the above
named entity to be an employee of the PHS, for the purposes of section 224, effective January 1,
2007. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA)
for damage for personal injury, including death, resulting from the performance of medical
surgical, dental, and related functions and is exclusive of any other civil action or proceeding.

The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed
health centers and their: (1) officers; (2) governing board members; (3) full- and part-time
health center employees; (4) licensed or certified health care practitioner contractors (who are
not corporations) providing full-time services (i.e., on average at least 32 ½ hours per week);
and (5) licensed or certified health care practitioner contractors (who are not corporations)
providing part-time services in the fields of family practice, general internal medicine, general
pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and
therefore are not eligible for FTCA coverage.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary
cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the assurances provided in your FTCA deeming application, as
required under 42 U.S.C. §233(h), with regard to: (1) implementation of appropriate policies
and procedures to reduce the risk of malpractice; (2) implementation of a system whereby
professional credentials and privileges, references, claims history, fitness, professional review
organization findings, and licensure status of health professionals are reviewed and verified; (3)
cooperation with the Department of Justice (DOJ) in the defense of claims and actions to
prevent claims in the future; and (4) cooperation with DOJ in providing information related to
previous malpractice claims history.

Page 2 – Mr. Vincent A. Keane

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. §254(b), in order to maintain FTCA coverage. If the deemed entity loses its Section 330 funding, its coverage under the FTCA will end immediately upon termination of the grant.

In addition to the FTCA statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures included on the enclosed list. These documents can be found online at http://www.bphc.hrsa.gov/pinspals/default.htm.

For further information, please contact your HRSA Project Officer as listed on your notice of grant award.

Sincerely,

James Macrae
Associate Administrator

Enclosure



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

SEP 16 1999

Health Resources and
Services Administration
Bethesda MD 20814

Vincent Keane
Executive Director
Unity Health Care, Inc.
3020 14th Street, N.W.
Washington, D.C.  20010

Reference:  Malpractice Liability Coverage

The Bureau of Primary Health Care, in accordance with section
224(h) of the Public Health Service Act, 42 U.S.C. 233(h) as
amended by the Federally Supported Health Centers Assistance
Act of 1995 (Public Law 104-73), deemed the Health Care for
the Homeless to be an employee of the Federal Government,
effective October 1, 1996, for the purposes of malpractice
liability protection under the Federal Tort Claims Act (FTCA).

Although the above referenced entity has undergone a legal
name change to the "Unity Health Care, Inc." the requirements
and protection pursuant to section 224 remain in effect under
the new corporate name.

If there are any questions, please contact Susan Little, FTCA
Coordinator, Philadelphia Field Office at (215) 861-4364.

Sincerely yours.

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Associate Administrator

# Exhibit C

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH A. HINTON,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITY HEALTH CARE, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 09-_____<br>)<br>)<br>)<br>)<br>) |

### <u>CERTIFICATION</u>

     I, Rudolph Contreras, Chief of the Civil Division, Office of the United States Attorney for

the District of Columbia, acting pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue

of the authority delegated to the United States Attorney by 28 C.F.R. § 15.4, and first redelegated

to me on March 20, 2006, hereby certify that I have read the Complaint in the above-captioned

matter, and that on the basis of the information now available to me, I find that defendant Unity

Health Care, Inc. was acting within the scope of its employment as an "employee" of the United

States Public Health Service at the time of the alleged incident.

Dated: June 5, 2009

                              Respectfully submitted,

                              _____
                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                              Assistant United States Attorney
                              Chief, Civil Division

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| KENNETH A. HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 0000151-09 |
| | ) | |
| UNITY HEALTH CARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL OF A CIVIL ACTION

PLEASE TAKE NOTE that on June 5, 2009, the United States filed with the Clerk of the

United States District Court for the District of Columbia a Notice of Removal of a Civil Action

in the above-captioned civil action, pursuant to 28 U.S.C. §§ 1441, 1446, 2679(d)(2), and 42

U.S.C. § 233(c).  Accordingly, the Superior Court of the District of Columbia "shall proceed no

further unless and until the case is remanded."  See 28 U.S.C. § 1446(d).  A copy of the Notice of

Removal of a Civil Action (with accompanying exhibits) is attached hereto.

Dated: June 5, 2009                                Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar # 415793
Acting United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

JENNIFER ZACHARY
Special Assistant United States Attorney

United States Attorney for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-307-0821
jennifer.zachary@usdoj.gov

2

## **CERTIFICATE OF SERVICE**

I certify I caused copies of the foregoing Notice of Removal of a Civil Action,

Certification, and Notice of Filing of Notice of Removal of a Civil Action to be served by first

class mail upon pro se plaintiff at:

> Kenneth A. Hinton
> 2200 Wilson Blvd., Suite 102-004
> Arlington, VA 22201

on this 5th day of June 2009.

JENNIFER ZACHARY
Special Assistant United States Attorney
United States Attorney for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-307-0821
jennifer.zachary@usdoj.gov

3