UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH A. HINTON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Action No. 09-1094 (CKK) |

**MEMORANDUM OPINION**
(October 5, 2009)

Plaintiff, Kenneth A. Hinton, brings this action for medical malpractice in connection with care he received from Unity Health Care, Inc. ("Unity") while he was an inmate at the Central Detention Facility at the District of Columbia Jail ("CDF"). Defendant, the United States of America, substituted for Unity, has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for failure to exhaust administrative remedies as required under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (hereinafter "FTCA"). After thoroughly reviewing the United States' [6] Motion to Dismiss, the parties' responsive briefing and attachments thereto, the applicable case law and statutory authority, and the record of this case as a whole, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's Complaint. Accordingly, for the reasons below, the Court shall GRANT the United States' [6] Motion to Dismiss pursuant to Rule 12(b)(1).

**I. BACKGROUND**

As explained above, Plaintiff brings this action for medical malpractice in connection

with care he received from Unity while he was an inmate at the CDF. *See* Notice of Removal of a Civil Action, Docket No. [1], Ex. A (Complaint) (hereinafter "Compl."). Specifically, Plaintiff alleges that he "suffered ongoing blurred and diminished vision, anxiety, insomnia, post-traumatic stress, and emotional/mental anguish and distress" when Unity failed to provide him with prescription eyeglasses between November 15, 2006 and August 16, 2007. *Id.* He seeks $2 million in compensatory damages and an additional $2 million in punitive damages. *Id.*

Plaintiff initiated this action by filing a complaint in the Superior Court for the District of Columbia on January 12, 2009, naming Unity as the defendant. *See* Notice of Removal of Civil Action. By operation of statute, the Federally Supported Health Care Centers Assistance Act, 42 U.S.C. § 233(g)-(n), Unity has been deemed to be an employee of the federal government, effective October 1, 1996, for purposes of medical malpractice liability protection under the FTCA, 28 U.S.C. § 1346(b)(1). *See* 42 U.S.C. § 233(a)-(b), (g) (exclusiveness of remedy against United States for those deemed Public Health Service employees). *See also* Gov't's MTD, Ex. 2 (Declaration of Meredith Torres) (hereinafter "Torres Decl.") ¶ 5. Unity's eligibility for FTCA coverage has continued uninterrupted since that time. Torres Decl. ¶ 5. Accordingly, on June 15, 2009, Plaintiff's action was removed from Superior Court and the United States of America was substituted for Unity as the defendant pursuant to 28 U.S.C. § 2679(d)(1) and 42 U.S.C. § 233(c). *See* Notice of Removal of a Civil Action.

As set forth in Plaintiff's Complaint, Plaintiff alleges that while he was an inmate at CDF, he was seen by two ophthalmologists, Drs. Barry and Boschulte, both of whom were employed by Unity. *See* Compl. Following an eye examination on November 15, 2006, Plaintiff claims that he was given a prescription for eyeglasses by Dr. Barry. *Id.* When thereafter he did not

receive eyeglasses, Plaintiff submitted several inmate grievances and was subsequently reexamined by Dr. Bosculte on July 9, 2007, who also allegedly determined that Plaintiff required prescription eyeglasses. *Id.* Plaintiff's prescription eyeglasses arrived on August 16, 2007, but Plaintiff maintains that the eyeglasses he received were "not in compliance with the prescription for which I was examined for by Dr. Barry or Dr. Boschulte." *Id.* Plaintiff has since been released from the D.C. Jail.

On February 2, 2009 — *i.e.*, three weeks after he filed his complaint — Plaintiff filed an administrative claim with the Department of Health and Human Services ("HHS"). Torres Decl. ¶ 4; *see also* Gov't's MTD, Ex. 3 (Pl.'s Admin. Compl.). Thereafter, on July 22, 2009, HHS denied Plaintiff's administrative complaint, concluding that "[t]he evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment." Gov't's' MTD, Ex. 4 (HHS Denial of Claim).

Currently pending before the Court is the United States' [6] Motion to Dismiss, which was filed on August 14, 2009. On September 4, 2009, Plaintiff filed an Opposition to the United States' Motion to Dismiss, in which Plaintiff concedes that he had failed to exhaust his administrative remedies prior to filing the Complaint in this matter. *See* Pl.'s Opp'n, Docket No. [8]. Plaintiff nonetheless argues that this Court has discretion to consider his case. *See generally id.* The Government filed its Reply on September 16, 2009. *See* Gov't's Reply, Docket No. [9].

Notwithstanding his apparent opposition to the Government's Motion to Dismiss, Plaintiff has since proceeded to file a second, nearly identical Complaint against the United States that, unlike the Complaint in this case, appears to have been filed in compliance with the FTCA's administrative exhaustion requirement. That is, it was filed *after* Plaintiff received

HHS' denial of his administrative claim on July 22, 2009. Specifically, on September 11, 2009 — *i.e.*, shortly after Plaintiff filed his opposition but before the United States had filed its Reply — Plaintiff, again representing himself *pro se*, filed a second Complaint against the United States of America. *See Hinton v. United States*, Civ. Act. No. 09-1726 (CKK).[1] The Complaint in that matter asserts violations of the FTCA based on the very same factual allegations at issue in this case. *See id.*, Docket No. [1], (Complaint). Indeed, the Complaint in Civil Action No. 09-1726 appears to be substantively identical to the Complaint in the above-captioned matter, save for the fact that it alleges that Plaintiff has now successfully exhausted his administrative remedies under the FTCA. *See id.* ¶¶ 5-6.

Thus, despite the fact that Plaintiff filed an opposition to the United States' Motion to Dismiss, it appears to the Court that Plaintiff — by filing the Complaint in the related Civil Action No. 09-1726 — has in essence conceded that the above-captioned matter should be dismissed for failure to exhaust his administrative remedies and that he should pursue his FTCA claims against the United States by means of a properly-filed lawsuit in compliance with the FTCA (as he has apparently now done).

## II.  LEGAL STANDARD

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule 12(b)(1). In so doing, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193,

---

[1] The Court notes that Plaintiff has been granted leave to proceed *in forma pauperis* in that matter. *See Hinton v. United States*, Civ. Act. No. 09-1726 (CKK), September 11, 2009 Minute Order (granting Plaintiff's motion for leave to proceed *in forma pauperis*).

198 (D.C. Cir. 2003) (citations omitted).  *See also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)).  "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact."  *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005).  In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence.  *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

### III.  DISCUSSION

As explained above, Plaintiff filed the above-captioned medical malpractice suit against the United States, seeking monetary damages arising from the medical care he received while an inmate at the CDF.  Both parties agree that the sole basis for Plaintiff's claims is the FTCA.  *See* Gov't's MTD at 1; Pl.'s Opp'n at 1.  Generally, the FTCA provides that the "United States shall be liable [for tort claims] in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674(a).  "The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims." *Rashad v. CDF*, 570 F. Supp. 2d 20, 23 (D.D.C. 2008) (citing *Richards v. United States*, 369

U.S. 1, 6 (1962)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted).

In order to bring suit under the FTCA, a claimant must first exhaust his or her administrative remedies. Specifically, section 2675(a) provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or . . . or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The plain language of the FTCA therefore bars a plaintiff from filing suit before he or she has exhausted these administrative remedies. *McNeil v. United States*, 508 U.S. 106, 112 (1993) ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies *before* invocation of the judicial process.") (emphasis added). Here, there is no dispute that Plaintiff did not administratively exhaust his remedies under the FTCA prior to filing the instant suit against the United States. This Court therefore lacks subject matter jurisdiction over Plaintiff's FTCA claims.

Plaintiff's arguments to the contrary are without merit, as Plaintiff himself appears to concede given his decision to re-file his suit against the United States after HHS denied his administrative claim. *See supra* at pp. 3-4. Specifically, Plaintiff advances three arguments in opposition to the motion to dismiss. First, he contends that the United States should be precluded from "invok[ing] the affirmative defense of failure to exhaust" because "staff members

working for Unity . . . maintained that they were private entities and made not one single effort to direct Plaintiff's attention to the fact that" the filing of an administrative claim with HHS was necessary.  Pl.'s Opp'n at 3 (asserting that the United States "clearly inhibited Plaintiff's diligent efforts to totally exhaust his administrative remedies").  Second, Plaintiff maintains that the United States "had a duty to notify Plaintiff of his right to file a claim under the FTCA *before* he filed his law suit [sic]" and had a "duty to provide Plaintiff with the proper standard form 95 so that he could file his claim." *Id.* (emphasis in original).  Third and finally, Plaintiff argues that he is entitled to "equitable tolling of time, such that the FTCA claim would be timely under the statute." *Id.* at 4.  None of Plaintiff's arguments are persuasive.

As the D.C. Circuit explained in *Hohri v. United States*, a court may not waive the FTCA's exhaustion requirement on equitable grounds:

> The FTCA's mandatory administrative filing requirement is not to be confused with the prudential, judge-made exhaustion doctrine, or other requirements that indicate a general, but not an inexorable, rule.  Unlike the exhaustion requirement, the jurisdictional FTCA filing requirement is not subject to equitable waiver. . . . Appellants['] FTCA claims therefore must be dismissed for failure to meet the statute's stringent "file first with the agency" instruction.

782 F.2d 227, 245-246 (D.C. Cir. 1986), rev'd on other grounds, 482 U.S. 64 (1987).  *See also Hayes v. United States*, 539 F. Supp. 2d 393, 398 -399 (D.D.C. 2008) ("Because the FTCA is a limited waiver of the United States' sovereign immunity, this [presentment] requirement is a jurisdictional prerequisite.").  Moreover, "[i]t is the plaintiff who must exercise due diligence, not the defendant" in investigating an FTCA claim; thus, "the federal government [does not have] any obligation to inform [plaintiff] of [the alleged tortfeasor]'s employment status" as a federal government employee.  *Norman v. United States*, 467 F.3d 773, 777 (D.C. Cir. 2006).

Finally, Plaintiff's arguments regarding equitable tolling are irrelevant.  The United States does not move to dismiss Plaintiff's FTCA claim because it was filed too late, but because it was filed too early.  Accordingly, the United States' [6] Motion to Dismiss pursuant to Rule 12(b)(1) is GRANTED.

### III.  CONCLUSION

For the reasons set forth above, the United States' [6] Motion to Dismiss pursuant to Rule 12(b)(1) is GRANTED and this case is DISMISSED in its entirety.  An appropriate Order accompanies this Memorandum Opinion.

Date: October 5, 2009

                                           /s/  
                                           COLLEEN KOLLAR-KOTELLY  
                                           United States District Judge